**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 13-cv-1508-WJM-CBS

DONALD P. MEYERS,

      Plaintiff,

v.

PFIZER INC., and
IAN READ CEO,

      Defendants.

---

**ORDER DIRECTING PLAINTIFF TO FILE A SECOND AMENDED COMPLAINT**

---

      Plaintiff Donald P. Meyers, currently resides in Montrose, Colorado.  On June 12, 2013,  Plaintiff, acting *pro se*, initiated this action by filing a Complaint.  (ECF No. 1.) Plaintiff's Complaint was five pages in length.  No jurisdictional statement was provided, the background facts of the Complaint were three pages in length, and the relief section was half a page indicating monetary amounts against Defendant Pfizer Inc, *et al*.  Those amounts far exceeded $75,000.   On June 13, 2013, the Court directed Plaintiff to file an Amended Complaint.  (ECF No. 6.)

      On July 8, 2013, Plaintiff filed an Amended Complaint.  (ECF No. 8.)  That filing is no more than a page in length.  It does, however, state that Plaintiff resides in Montrose, Colorado.  It also states that the "Pfizer Corporation, a drug manufacturer, [is] headquartered in New York, NY."  (*Id*. at 1.)  No federal claims are pled in the Amended Complaint.

As the party invoking federal court jurisdiction, Plaintiff Meyers bears the burden of showing that this Court has subject matter jurisdiction. *Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005). *See also* 28 U.S.C. § 1332(a)(1) (stating that the "[federal] district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, *and* is between . . . citizens of different States.") Both prongs must be satisfied so to invoke federal court jurisdiction.[1]   And in light of the limited subject matter jurisdiction granted to the federal courts by Congress, district courts have a duty to satisfy that jurisdiction is appropriate. *See Cisneros v. ABC Rail Corp.*, 217 F.3d 1299, 1302 (10th Cir.2000).

Here, Plaintiff alleges that because Plaintiff resides in Montrose, Colorado—and Defendant Pfizer is "headquartered in New York"—that "diversity of citizenship" exists. (ECF No. 8 at 1.) This may well satisfy one of the prongs under 28 U.S.C. § 1332(a)(1), but it does not satisfy the monetary prong—*i.e.* whether the claim exceeds the sum of $75,000. Because the factual allegations are not stated in Plaintiff's more recent Amended Complaint (ECF No. 8 at 1), the Court has no choice but to direct Plaintiff to file a Second Amended Complaint.[2] [3]

---

[1] The exception to this is where Plaintiff relies on a claim supported by a federal statute, but on the face of the pleadings, this is not applicable.

[2] Plaintiff must realize that he cannot rely upon the original Complaint that he filed on June 12, 2013. (ECF No. 1) While there may be facts in the original Complaint relevant to the jurisdiction issue, Plaintiff's Amended Complaint on July 8, 2013 supercedes the original Complaint. There must be facts pled in one document to satisfy 28 U.S.C. § 1332(a)(1).

[3] The Court further notes that this Order solely pertains to jurisdiction; it sheds no light on whether a claim has been sufficiently pled to meet fair notice requirements of Rule 8 of the Federal Rules of Civil Procedure.

**CONCLUSION**

1.      Plaintiff to file an Amended Complaint as instructed above, **no later than September 30, 2013.**

2.      Plaintiff shall obtain the proper Court-approved form, along with the applicable instructions, at www.cod.uscourts.gov, for use in filing the Amended Complaint.

3.      If Plaintiff fails to properly and timely file a Second Amended Complaint which satisfies the requirements of 28 U.S.C. § 1332(a)(1), this action shall be subject to dismissal without further notice.

  Dated this 5th day of September, 2013.

                                                BY THE COURT:

                                                _____
                                                William J. Martínez
                                                United States District Judge