IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01508-WJM-CBS

DONALD MEYERS,
    Plaintiff,
v

PFIZER, INC. and IAN READ,
    Defendants.

---

RECOMMENDATION AND ORDER

---

Magistrate Judge Shaffer

    This matter comes before the court on Defendants' Motion to Dismiss (doc. #39) for lack of jurisdiction and failure to state a claim, filed on January 24, 2014.  This motion was referred to the Magistrate Judge pursuant to the Order of Reference dated September 24, 2013 (doc. #18). Also before the court is Plaintiff's Motion to Withdraw Case (doc. #43), Plaintiff's Motion Requesting to Participate in Alternative Dispute Resolution (doc. #55), and Plaintiff's Motion to Clarify Status of the Case (doc. #56).

    The court has carefully considered the motions and related briefing, the entire case file, the comments offered by the parties during the three telephonic status conferences, and the applicable case law.  For the following reasons, I recommend that Defendants' Motion to Dismiss be granted without prejudice, and deny Plaintiff's other pending motions as moot.

**BACKGROUND**

    Mr. Meyers filed his *pro se* Complaint on June 12, 2013 (doc. #1) claiming damages in the amount of approximately five million dollars resulting from Defendants' failure to instruct or warn of alleged side effects associated with the use of the drug commonly known as Lipitor. Plaintiff alleged that his wife took Lipitor from 2002 through 2008, suffered debilitating side

1

effects from the use of the drug, and as a result, Plaintiff was unable to leave her alone and thus unable to pursue a livelihood.

On June 6, 2013, Magistrate Judge Boland ordered Plaintiff to file an amended complaint (doc. #6) that would cure the pleading defects of the original Complaint. Specifically, the court instructed Plaintiff to include a jurisdictional statement. Plaintiff filed his First Amended Complaint on July 8, 2013 (doc. # 8), which alleged the parties' diverse citizenship, but failed to address the amount in controversy. District Judge Martinez subsequently ordered Plaintiff to amend his Complaint to satisfy the requirements of 28 U.S.C. § 1332(a)(1) (doc. #15). Plaintiff filed his Second Amended Complaint on September 13, 2013 (doc. #17). Around this time, Plaintiff also filed a Motion Requesting Assistance of a Volunteer Attorney (doc. #11), which this court denied in a minute order dated December 9, 2013 (doc. #35).

On October 1, 2013, Plaintiff asked this court to enter default judgment in his favor (doc. #23) on the basis that Defendants had failed to respond to the summons and Complaint, which had been mailed to and received at Defendant Pfizer's corporate headquarters on September 9, 2013.[1] In an October 9, 2013 docket entry, the Clerk interpreted Plaintiff's motion as a request for entry of default and rejected the request because Plaintiff had failed to include an affidavit pursuant to Fed. R. Civ. P. 55, and Plaintiff had not filed proof of service for Defendants (doc. #24). This court denied Plaintiff's Motion for Default Judgment without prejudice during the telephonic status conference held on October 15, 2013 (doc. #28). Plaintiff objected to and appealed the dismissal of his Motion for Default Judgment in a written motion filed on October 28, 2013 (doc. #30). Defendants responded on November 5, 2013 (doc. #32), and the district court overruled Plaintiff's objection/appeal on December 10, 2013 (doc. #36).

---

[1] Mr. Meyers mailed a copy of the Complaint to Pfizer's headquarters along with the summons; he did not provide Defendants with a copy of the First or Second Amended Complaint.

Defendants filed their Motion to Dismiss (doc. #39) on January 24, 2014 following a second telephonic status conference. Plaintiff subsequently filed a motion on February 10, 2014 indicating his interest in withdrawing the lawsuit (doc #43). Plaintiff's Motion prompted this court to hold a third telephonic status conference on March 4, 2014, at which Plaintiff was instructed to file a Notice of Dismissal, if at all, by March 18, 2014 (doc. #47). The undersigned advised Plaintiff that the absence of such a Notice would indicate Mr. Meyers's intention to proceed with the lawsuit, and prompt the court to rule on Defendants' Motion to Dismiss. Plaintiff did not file a Notice of Dismissal by the designated date and, instead, appealed the district court's order upholding this court's dismissal of Plaintiff's Motion for Default Judgment (doc. #48).[2] On April 9, 2014, Plaintiff filed a Motion Requesting to Participate in Alternative Dispute Resolution (doc. #55) and a Motion to Clarify Status of the Case (doc. #56).

## STANDARD OF REVIEW

**A.    Fed. R. Civ. P. 12(b)(1)**

Article III of the Constitution limits the exercise of judicial power to "Cases" and "Controversies," and the core doctrine of standing "is an essential and unchanging part of the case-or-controversy requirement of Article III." *Colo. Envtl. Coal v. Wenker*, 353 F.3d 1221, 1234 (10th Cir. 2004) (quoting *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992)). A plaintiff must establish three elements to satisfy the minimum constitutional requirements of standing. First, the plaintiff must have experienced a personal "'injury in fact,' that is, an invasion of a legally protected interest that is 'concrete and particularized' and 'actual or imminent.'" *Id.* Second, "there must be a causal connection between the injury and the conduct complained of." *Id.* Third, "it must be likely, not speculative, that the injury will be redressed

---

[2] The appeal was dismissed by the Tenth Circuit on April 8, 2014 pursuant to 10th Cir. R. 42.1 for failure to prosecute (doc. #53).

by the trial court's favorable decision." *Wenker*, 353 F.3d at 1234 (quoting *Lujan,* 504 U.S. at 561); *see also Rector v. City and County of Denver*, 348 F.3d 935, 942 (10th Cir. 2003).

Plaintiff has the burden of alleging facts establishing these three elements. *See Utah v. Babbitt,* 137 F.3d 1193, 1202 (10th Cir.1998). "Standing is not measured by the intensity of a party's commitment, fervor, or aggression in pursuit of its alleged right and remedy"; "[n]or is the perceived importance of the asserted right a substitute for constitutional standing." *Id.* (internal citations omitted).

**B.     Fed. R. Civ. P. 12(b)(5)**

The court may dismiss an action pursuant to Rule 12(b)(5) for insufficient service of process. "Effectuation of service is a precondition to suit…" *Jenkins v. City of Topeka*, 136 F.3d 1274, 1275 (10th Cir. 1998). Without proof of service, the Court lacks personal jurisdiction over the Defendant. *Oklahoma Radio Associates v. FDIC*, 969 F.2d 940, 943 (10th Cir. 1992). A "Rule 12(b)(5) motion challenges the mode of delivery or the lack of delivery of the summons and complaint." 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure 3D § 1353. In opposing a motion to dismiss for insufficient service of process, "plaintiff bears the burden of making a prima facie case that he has satisfied statutory and due process requirements so as to permit the court to exercise personal jurisdiction over the defendant." *Allen v. United Properties & Const.*, No. 07-cv-00214-LTB-CBS, 2008 WL 4080035, at *9 (D. Colo. Sept. 3, 2008) (unpublished) (quoting *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. 2008). Plaintiff must demonstrate that the procedure employed by him to effect service satisfied the requirements of Rule 4 of the Federal Rules of Civil Procedure. *Light v. Wolf*, 816 F.2d 746, 751 (D.C. Cir. 1987).

**C.    Fed. R. Civ. P. 12(b)(6)**

Under 12(b)(6) a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a motion under Rule 12(b)(6), the court must "accept as true all well-pleaded factual allegations … and view these allegations in the light most favorable to the plaintiff." *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010) (quoting *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)). However, a plaintiff may not rely on mere labels or conclusions, "and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). As the Tenth Circuit explained in *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007), "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." "The burden is on the plaintiff to frame 'a complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atlantic Corp.*, 550 U.S. at 556). The ultimate duty of the court is to "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

Because Mr. Meyers is appearing *pro se*, the court "review[s] [his] pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys."


*Trackwell v. United States Govt*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). However, a court may not assume that a plaintiff can prove facts that he has not alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *See Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009) (court's role is not to act as the *pro se* litigant's advocate); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in that absence of any discussion of those issues").

## ANALYSIS

**A.    Service of Process**

Under Fed. R. Civ. P. 4, service of process on an individual requires personal delivery of the summons and complaint to (1) the individual sought to be served, (2) the residence of that individual, if left with a person over the age of 18 who also resides there; or (3) the agent of the individual. Fed. R. Civ. P. 4(e)(2).[3]  Service on a corporation is effected by compliance with Rule 4(e)(1) or by delivering a copy of the summons and complaint to the corporation's officer or agent. Fed. R. Civ. P. 4(h)(1). Rule 4(m) provides in part:

> If service of the summons and complaint is not made upon the defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Plaintiff filed the Complaint on June 12, 2013. He then attempted to serve Defendants by mailing the summons and a copy of the Complaint to Defendant Pfizer's corporate headquarters.

---

[3] Rule 4(e)(1) allows service on an individual pursuant to the law of the state in which the district court presiding over the action is located, or the state in which service is made. Mailing the summons along with a copy of the complaint does not satisfy either Colorado or New York law. *See* Colo. R. Civ. P. 4(e); N.Y. C.P.L.R. §§ 308, 311; N.Y. Bus. Corp. Law §§ 306-307.

This is insufficient per Rule 4 to effect service on either Defendant. This court advised Plaintiff of the insufficiency during a status conference held on October 15, 2013 (doc. #28), and Defendants filed their Motion to Dismiss (doc. #39) on January 24, 2014. Plaintiff has done nothing since to cure. Thus, Plaintiff was allowed well in excess of 120 days to perfect service and failed to do so. *See Espinoza v. US*, 52 F.3d 838, 840-41 (10th Cir. 1995) (interpreting Rule 4(m) as requiring courts to determine whether a permissive extension of time to perfect service is warranted). Without proof of proper service, this court lacks personal jurisdiction over Defendants and must dismiss the action without prejudice. *Arocho v. Lappin*, 461 F. App'x 714, 719 (10th Cir. 2012) (discussing the "established rule that dismissals for lack of personal jurisdiction are without prejudice").

Having found that dismissal of this action is appropriate for insufficient service, this court refrains from officially reaching whether Plaintiff lacks standing and whether Plaintiff's claim is time barred. However, brief and informal treatment of these issues may provide some guidance to Plaintiff should he consider filing a second lawsuit.

**B.     Standing**

Article III of the United States Constitution grants the federal courts subject matter jurisdiction over disputes that qualify as cases and controversies. *Raines v. Byrd*, 521 U.S. 811, 818 (1997). Standing is a jurisdictional threshold for bringing a case in federal court and provides a test for determining whether a case or controversy exists. *Smallwood v. Scibana*, 227 F. App'x 747, 748 (10th Cir. Apr. 10, 2007). Whether the plaintiff has standing to bring a lawsuit is a jurisdictional question that requires *sua sponte* consideration when not raised by the parties. *See Rector*, 348 F.3d at 942.

Plaintiff alleges that his wife suffered from "unwarned of side-effects" after ingesting Lipitor, and thereafter required "care needed to deal with her altered mental state." (Doc. #17). Plaintiff asks to be compensated for Defendants' negligence with an award of, among other things, the value of the medical care his wife requires and the income he has lost as a result of personally caring for her. However, to demonstrate negligence Plaintiff is required to show that Defendants owed him a duty of care. *See Ryder v. Mitchell*, 54 P.3d 885, 889 (10th Cir. 2002) ("If a negligence action is based on facts that do not impose a duty of care upon a defendant for a plaintiff's benefit, the claim will fail.") (internal citations omitted). Plaintiff seeks damages that stem from his wife's alleged injury; and it was to Plaintiff's wife that Defendants owed a duty, if any. Plaintiff does not claim to act as a legal representative for his wife, nor does he allege that his wife is incapacitated; he impermissibly seeks to assert a legal right on her behalf.

While it is possible that Plaintiff has standing to assert certain claims related to his wife's injury, such as loss of consortium, he has not asserted those claims here. Plaintiff does not allege to have suffered a personal injury himself, and he has failed to show that Defendants owed any duty to him. Therefore, it appears that Plaintiff lacks standing to assert the negligence claim as it currently reads.

**C.    Statute of Limitations**

Plaintiff's allegations stem from Defendant Pfizer's alleged failure to warn that use of Lipitor could cause undesirable side effects. Because the court's jurisdiction in this matter is premised on diversity of citizenship, Colorado law governs the statute of limitations question. *See Guaranty Trust Co. v. York,* 326 U.S. 99, 110, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945) (holding that statutes of limitations are considered substantive matters for purposes of the *Erie* doctrine) (citing *Erie Railroad Co. v. Tompkins,* 304 U.S. 64 (1938)), *overruled on other grounds by*

*Hanna v. Plumer,* 380 U.S. 460, (1965). Colorado law requires that actions for failure to instruct or warn be brought within two years after the cause of action accrues. Colo. Rev. Stat. § 13-80-102(1)(b); *see Pavelko v. Breg, Inc.*, No. 09–cv–01461–PAB–KMT, 2011 WL 782664, *4 (D. Colo. February 28, 2011). A cause of action does not accrue until "both the injury and its cause are known or should have been known by the exercise of reasonable diligence." Colo. Rev. Stat. § 13–80–108(1). "The time when a plaintiff discovered, or through the use of reasonable diligence should have discovered, the negligent conduct is normally a question of fact that must be resolved by the trier of fact." *Salazar v. American Sterilizer Co.,* 5 P.3d 357, 363 (Colo. App. 2000). However, the issue may be decided as a matter of law "if undisputed facts demonstrate that the plaintiff had the requisite information as of a particular date." *Trigg v. State Farm Mut. Auto. Ins. Co.,* 129 P.3d 1099, 1101 (Colo. App. 2005).

Plaintiff alleges the damaging side effects occurred while his wife was taking Lipitor between 2002 and 2008 (doc. #17), that he first noticed signs of the injury "within ten days of [her] initially ingesting the prescribed Lipitor," and that the side effects abated after she ceased taking the drug. (Doc. #1).[4] Plaintiff further alleges that in September 2010, he communicated to Defendant Pfizer his belief that his wife had been harmed by the drug (doc. # 1). Plaintiff initiated this action on June 12, 2013, which is eleven years after his wife began taking Lipitor and almost three years after he voiced his belief to Defendant Pfizer of Lipitor's deleterious effects. Accordingly, Mr. Meyers's claim for failure to instruct or warn appears to be barred by the two-year statute of limitations.

---

[4] Plaintiff's Second Amended Complaint, which is the operative complaint, omits many factual allegations found in the original Complaint. Therefore, I cite to the original Complaint strictly to illuminate the statute of limitations issue.

## CONCLUSION

For the foregoing reasons, this court RECOMMENDS that Defendants' Motion to Dismiss (doc. #39) be GRANTED and this civil action be dismissed without prejudice.

**Advisement to the Parties**

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d

1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 21st day of April, 2014.

BY THE COURT:

s/Craig B. Shaffer_____
United States Magistrate Judge